## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

HEATHER MINICK, Individually,
and as surviving spouse of MICHEAL MINICK,
Deceased; HEATHER MINICK and DORIS HAWKINS-TWEED,
as Co-Administrators of the Estate of Micheal Minick,

        Plaintiffs,


v.                                      Docket Number:_____
                                      TWELVE PERSON JURY DEMANDED

METROPOLITAN GOVERNMENT OF NASHVILLE,
DAVIDSON COUNTY, TENNESSEE;
METROPOLITAN NASHVILLE POLICE DEPARTMENT;
STEVE ANDERSON, Chief of Police, Metropolitan  Nashville
Police Department, Individually and in his official capacity;
DAVIDSON COUNTY SHERIFF DEPARTMENT;
SHERIFF DARON HALL, Individually  and in his official capacity;
METROPOLITAN NASHVILLE HOSPITAL AUTHORITY d/b/a
NASHVILLE  GENERAL HOSPITAL;
NASHVILLE GENERAL HOSPITAL AT MEHARRY;
CORRECTIONAL CORPORATION OF AMERICA d/b/a CCA;
MAILENA MASON, Individually and in her official capcity;
REGISTERED NURSES:
CYNTHIA ALLISON; Individually and in her official capacity;
BEN BAGGETT; Individually and in his official capacity;
TODD EWING; Individually and in his official capacity;
POLICE OFFICER:
NEIL P. WOLFE, Individually and in his official capacity;
DEPUTY OFFICERS:
CHRISTOPHER FOSTER, Individually and in his official capacity;
MATTHEW BARSHAW, Individually and in his official capacity;
JEFFREY DAVIDSON, Individually and in his official capacity;
MORRIS CRAVEN, Individually and in his official capacity;

        Defendants.


## COMPLAINT


## INTRODUCTION AND JURISDICTION


1

1.     This is an action for money damages brought pursuant to 42 USC §1983 and §1988, and the Eighth Amendment and Fourteenth Amendment to the United States Constitution, and the common law of the State of Tennessee, against Metropolitan Government of Nashville/Davidson County, Tennessee, in its official capacities; Metropolitan Nashville Police Department, in its official capacities; Steve Anderson, Chief of Police Metropolitan Nashville Police Department, in his individual and official capacity; Davidson County Sheriff Department, in its official capacities; Daron Hall, Sheriff of Davidson County, Tennessee, in his individual and official capacity; Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital, in its individual and official capacities; Nashville General Hospital at Meharry, in its individual and official capacities; Correctional Corporation of America d/b/a CCA, in its individual and official capacities; Police Officer: Neil Wolfe, in his individual and official capacity; Deputy Officers: Christopher Foster; Matthew Barshaw; Jeffrey Davidson; Morris Craven; all in their individual and official capacities.  This Court has jurisdiction over 42 USC §1983 and §1988 claims pursuant to 28 USC §1331 and §1343.

2.     This action arises out of false arrest, false imprisonment, cruel and unusual punishment, inhumane treatment, wrongful death, loss of services, loss of wages, loss of consortium, loss of companionship, loss of enjoyment of life, emotional distress, use of deadly force, wrongful death and violation of civil rights, while Micheal Minick was a pre-trial detainee and held on the Seventh (7th) floor of Nashville General Hospital in Davidson County, Tennessee.  The Plaintiffs allege that the Prison Litigation Reform Act  42 USC §1997 does not have any application to the deceased, Micheal Minick, as he was, at all times herein material, a pre-trial detainee and not a "prisoner" as contemplated by the Prison Litigation Reform Act.  To the extent that the Prison Litigation Reform Act does not apply to the deceased, Micheal Minick, the plaintiffs allege that they have exhausted all administrative remedies available.  The deceased, Micheal Minick, has been personally unable to submit any complaint or grievance to the defendants because of injuries he sustained, his comatose state and subsequent death.  Nevertheless, the plaintiffs, by and through counsel, requested any and all complaint and/or grievance

2

forms from the defendants and all defendants have failed and refused to provide the plaintiffs with any complaint and/or grievance forms and has failed and refused to respond to the Plaintiffs request for such complaint and/or grievance forms.

3. The plaintiffs allege that the defendants sued herein, in their individual and official capacities, affirmatively acted to create a substantial risk of injury and death to the deceased, Micheal Minick, in that all defendants failed and refused to protect the deceased, Micheal Minick, from assault, battery, cruel and unusual punishment, inhumane treatment, injury and death, violating the deceased, Micheal Minick's, rights under the Eighth Amendment and Fourteenth Amendment to the United States Constitution.

4. The plaintiffs allege that the aforementioned constitutional violations and torts were committed as a result of policies, customs, practices and/or procedures of the defendants sued herein, in their individual and official capacities.

5. The Plaintiffs allege that the defendants sued herein, by and through Acts and/or omissions of its of its agents and employees, is guilty of negligence, gross negligence and reckless indifference to the safety and security of the deceased, Micheal Minick, in failing to protect the deceased, Micheal Minick, from foreseeable harm, injury and subsequent death.

6. The plaintiffs allege that the constitutional violations and torts committed by the defendants sued herein, and alleged herein, proximately caused Micheal Minick, to suffer injury which resulted in his comatose state and subsequent death.

## PARTIES

7. Plaintiff, Heather Minick, is a citizen and resident of Gallatin, Tennessee. As The result of Micheal Minick' death, Heather Minick brings this action as the surviving spouse of Micheal Minick, and as Co-Administrator of the Estate of Micheal Minick. A copy of the Letter of Administration is attached hereto.

3

8.  Plaintiff, Doris Hawkins-Tweed, is a citizen and resident of Lebanon, TN. As the result of Micheal Minick's death, Doris Hawkins-Tweed brings this action as the as Co-Administrator of the Estate of Micheal Minick.  A copy of the Letter of Administration is attached hereto.

9.  Defendant, Metropolitan Government of Nashville/Davidson County, Tennessee, is a political subdivision and governmental entity of the State of Tennessee and controls its own police force, and, at all times herein material, was acting under color of law. This defendant is responsible for the administration of the Metropolitan Nashville Police Department, Davidson County Sheriff Department and Metropolitan Hospital Authority d/b/a Nashville General Hospital and Nashville General Hospital at Meharry,   persons in care, custody and/or incarcerated, and the hiring, supervision, training, discipline and control of persons working for the Metropolitan Nashville Police Department, Davidson County Sheriff Department, Metropolitan Nashville Hospital Authority d/b/s Nashville General Hospital and Nashville General Hospital at Meharry.    Defendant, Metropolitan Government of Nashville/Davidson County, Tennessee, is sued in its individual and official capacities.  Service of this Complaint is made upon this defendant's attorney, Keli J. Oliver, Metro Nashville Law Department, 108 Metro Courthouse, PO Box 196300, Nashville, Tennessee, 37219.

10.  Defendant, Metropolitan Nashville Police Department, is a governmental entity, and at all times herein material, was acting under color of law.  This defendant is responsible for the administration of the Metropolitan Nashville Police Department, persons in care, custody and/or incarcerated, and the hiring, supervision, training, discipline and control of persons working for the Metropolitan Nashville Police Department Defendant, Metropolitan Nashville Police Department, is sued in its individual and official capacities.  Service of this complaint is made upon Metropolitan Nashville Police Department, Criminal Justice Center, 200 James Robertson Parkway, Nashville, TN  37201.

11. Defendant, Steve Anderson, is and was, at all times herein material, Chief of Police of the Metropolitan Police Department and acting under color of law.  As such, he is responsible for the administration of the Metropolitan Nashville Police Department, persons in care, custody and/or incarcerated, and the hiring, supervision, training, discipline and control of persons working for the

4

Metropolitan Nashville Police Department. Defendant, Steve Anderson, is sued in his individual and official capacities. Service of this complaint is made upon Steve Anderson at the Metropolitan Nashville Police Department, Criminal Justice Center, 200 James Robertson Parkway, Nashville, TN 37201.

12. Defendant, Davidson County Sheriff Department, is a governmental entity, and at all times herein material, was acting under color of law. This defendant is responsible for the administration of the Davidson County Sheriff Department, persons in care, custody and/or incarcerated, and the hiring, supervision, training, discipline and control of persons working for the Davidson County Sheriff Department. This defendant, Davidson County Sheriff Department, is sued in its individual and official capacities. Service of this Complaint is made upon Davidson County Sheriff Department, 506 2nd Avenue North, Nashville, TN 37201.

13. Defendant, Daron Hall, is and was at all times herein material, the Sheriff of Davidson County, Tennessee. And as such, he is responsible for the administration of the Davidson County Sheriff Department, the care, custody and/or incarceration of persons, and the hiring, supervision, training, discipline, and control of persons working for the Davidson County Sheriff Department. This defendant, Daron Hall, is sued in his individual and official capacities. Service of this Complaint is made upon Sheriff Daron Hall at the Davidson County Sheriff Department, 506 2nd Avenue North, Nashville, TN 37201.

14. Defendant, Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital, hereinafter mentioned as Nashville General Hospital, is a government entity and medical facility. As such, it is responsible for the administration of the hospital, the care, security and custody of persons admitted to its facility, the hiring, supervision, training, security, discipline and control of persons working for the hospital, including but not limited to, security personnel and/or police officers, deputy officers and/or peace officers. This defendant, Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital, is sued in its individual and official capacities. Service of this Complaint is made upon Nashville General Hospital, 1818 Albion Street, Nashville, TN 37208.

15. Defendant, Nashville General Hospital at Meharry, hereinafter mentioned

5

as Nashville General Hospital, is a governmental entity and medical facility. As such, it is responsible for the administration of the hospital, the care, security and custody of persons admitted to its facility, the hiring, supervision, training, security, discipline and control of persons working for the hospital, including but not limited to, security personnel, police officers, deputy officers and/or peace officers. This defendant, Nashville General Hospital, is sued in its individual and official capacities. Service of this Complaint is made upon Nashville General Hospital, 1818 Albion Street, Nashville, TN 37208.

16. Defendant, Correctional Corporation of America d/b/a CCA, is a corporation, operating and doing business within the State of Tennessee. As such, it is responsible for its administration, persons in care, custody and/or incarcerated, and the hiring, supervision, training, discipline and control of persons working for Correctional Corporation of America d/b/a CCA. This defendant, Correctional Corporation of America d/b/a CCA, is sued in its individual and official capacities. Service of this complaint may be made upon CT Corporation, 800 South Gay Street, Knoxville, TN 37929-9710.

17. Defendant, Mailena Mason, is a unit secretary at Nashville General Hospital at Meharry, her official capacity and responsibilities are currently unknown to the plaintiffs. This defendant is sued in her individual and official capacity. This Complaint may be served upon Mailena Mason, at her last known address of 1106 Stainback Drive, Nashville, TN 37207.

18. Defendant, Cynthia Allison, is a Registered Nurse duly licensed to practice in the State of Tennessee. As such, she is responsible for all persons in her care and control. This defendant is sued in her individual and official capacity. This Complaint may be served upon Cynthia Allison through the Secretary of State, at her last known address of 3913 Boxwood Lane, Decauter, Alabama, 35603.

19. Defendant, Ben Baggett, is a Registered Nurse duly licensed to practice in the State of Tennessee. As such, he is responsible for all persons in his care and control. This defendant is sued in his individual and official capacity. This Complaint may be served upon Ben Baggett, at his last known address of 5404 Brackfield Drive, Nashville, Tennessee, 37208.

6

20.  Defendant, Todd Ewing, is a Registered Nurse duly licensed to practice in the State of Tennessee.  As such, he is responsible for all persons in his care and control.  This defendant is sued in his individual and official capacity.  This Complaint may be served upon Todd Ewing, at his last known address of 373 Hickory Hollow Terrace, Nashville, Tennessee, 37013.

21.  Defendant police officer, Neil Wolfe, is and was, at all times herein material, a police officer and employee of the defendant, Metropolitan Nashville Police Department, and was acting under color of law.  As such, said defendant, is and was, at all times herein material, responsible for the care and custody of persons in their custody and/or incarceration.  This said defendant is sued, in his individual and official capacities.  Service of this complaint is made upon Neil Wolfe, at the Metropolitan Nashville Police Department, Criminal Justice Center, 200 James Robertson Parkway, Nashville, TN  37201.

22.  Defendant deputies: Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, is and was, at all times herein material, deputies and employees of the Davidson County Sheriff Department, Correctional Corporation of America d/b/a CCA, Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital and Nashville General Hospital at Meharry, and is and was, at all times herein material, acting under color of law.  As such, said defendants were responsible for the care and custody of persons in their custody and/or incarceration.  These said deputy defendants are sued, each in their individual and official capacities.   Service of this Complaint is made upon Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven at the Davidson County Sheriff Department, 506 2nd Avenue North, Nashville, TN  37201

## FACTS

23.  At all times, herein material, each individual defendant was acting in the course and scope of their employment.

7

24. At all times, herein material, each defendant was acting under color of state law.

25. On or about May 30, 2011, at approximately 0830 am, a telephone call was placed to the emergency 911 call center in the metropolitan area of Nashville, Tennessee, requesting assistance from the Metropolitan Nashville Police Department to see about an abandoned vehicle was parked on the side of the road.

26. At approximately 0832 am, same date, another call was placed to the Emergency 911 call center requesting police assistance for an unknown white male walking around in the woods.

27. Dispatch at the emergency 911 call center, dispatched a police unit to the location of the first call to see about the abandoned vehicle and also dispatched a police unit to the location of the second call to see about a white male walking around in the woods.

28. Police Officer Defendant, Neil Wolfe, responded and , arrived on scene and was unable to locate said white male. A few moments later, at approximately 08:58.41 sec. am, Police officer defendant, Neil Wolfe, located the said white male and reported, via radio traffic to 911 dispatch, that he had one subject in custody and a few moments later, at approximately 0858.52 sec. am, reported, via radio traffic to 911 dispatch, that he had tased the subject. The subject was identified as Micheal Minick, the deceased, and that he had an outstanding warrant for a failure to appear on a misdemeanor traffic charge.

29. The deceased, Micheal Minick, was taken to the Nashville General Hospital emergency department for evaluation and arrived at approximately 10:00 am, and was admitted by an emergency room physician for severe dehydration and loss of muscle mass. Micheal Minick was evaluated, treated and admitted to the hospital by an emergency physician and was then transferred from the emergency department to the Seventh (7th) floor of Nashville General Hospital, also known as the "lock-up floor", and detained there as a pre-trial detainee of the Davidson County Sheriff Department and patient of Nashville General Hospital.

8

30. The deceased, Micheal Minick, was placed in room 7104 and assigned to bed B. He was restrained to the bed by hand cuffs and leg irons without incident.

31. Deputy Defendant, Christopher Foster, reported to his post at Nashville General Hospital Seventh (7th) floor lock-up at approximately 1520 pm, same date, and was assigned to guard Micheal Minick, which was restrained in room 7104 bed B.

32. At approximately 1900 hours pm, same date, deputy defendant, Christopher Foster, left his post and approached the nurse's station on the Seventh (7th) floor and reported to Registered Nurse Cynthia Allison, hereinafter mentioned as Nurse Allison, whom had just received report from the day shift nurse she was relieving, Registered Nurse Ben Baggett, that Micheal Minick had pulled his IV out. At that point, Nurse Allison went to room 7104 to assess Micheal Minick, take his vital signs and assess the IV site.

33. Upon Nurse Allison entering room 7104, she located her patient, Micheal Minick, in bed B and saw the IV had been removed from its entrance site and saw blood on him and his assigned bed.

34. Nurse Allison requested to deputy defendant, Christopher Foster, to Remove Micheal Minick' restraints, hand cuffs and leg irons, in that he may be able to enter the restroom inside the room and wash off the blood from his arm and to clean himself up. Deputy Defendant, Christopher Foster, complied with this request and allowed Micheal Minick to enter the restroom, unrestrained and allowed to close the door to the restroom.

35. Micheal Minick did as he was instructed to do so by Nurse Allison and Deputy defendant, Christopher Foster, and returned back to his bed when he was finished. Nurse Allison had replaced the linen on the bed. Nurse Allison continued her assessment of Micheal Minick, assessed his vital signs, mental status and he did cooperate with the nurse and the deputy without incident. Micheal Minick was then restrained to his bed by deputy defendant, Christopher Foster.

36. Nurse Allison completed her assessment of her patient and advised Micheal

9

Minick that she had Three (3) other patients and would return to replace his IV after she went and took her other patients vital signs. Micheal Minick verbalized understanding and Nurse Allison left the room.

37.    After Nurse Allison left Micheal Minick' room, deputy defendant, Christopher Foster, contacted deputy defendants, Matthew Barshaw, Jeffrey Davidson and Morris Craven, all of which are assigned to security at Nashville General Hospital, and requested their assistance in Micheal Minick' room, alleging he was having a problem with Micheal Minick in that he was swearing and combative.

38.    Deputy defendants, Matthew Barshaw, Jeffrey Davidson and Morris Craven responded to deputy defendant Christopher Foster's request and entered the room of Micheal Minick, along with deputy defendant Christopher Foster and closed the door.

39.    Deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, upon entering Michael Minick' room, located him lying on his bed, restrained.

40.    The deputy defendants then charged Micheal Minick with such force as to break the leg irons away from the bed and began an unprovoked brutal attack and brutal beating. The Deputy Defendants charged at Micheal Minick with a show of force. Two deputy defendants, Jeffrey Davidson and Morris Craven sprayed Micheal Minick directly in the face with Oleoresin Capsicum a/k/a pepper spray, and forcefully took Micheal Minick face down onto the floor, placed his hands behind his back and placed hand cuffs on his wrists bilaterally, restraining his hands and arms and also placed leg iron restraints to his ankles bilaterally, restraining his legs, ankles and feet. Deputy defendant Matthew Barshaw held Micheal Minick down by physical force while deputy defendants Jeffrey Davidson and Morris Craven began striking Micheal Minick repeatedly in the face and head with closed fists, and at the same time, was striking him repeatedly with an ASP Baton, about Micheal Minick' body, including multiple strikes to the head with the ASP Baton, and again at the same time, initiated and used the hypoglossal maneuver.

41.    During this unprovoked brutal attack by the deputy defendants, Micheal

10

Minick repeatedly pleaded and begged his attackers, the deputy defendants, to stop beating him as he was unable to breathe and was in severe and agonizing pain.

42. All deputy defendants repeatedly ignored Micheal Minick's pleas to stop their attack and their beating of him and cutting off his air supply and ignored his cries for help and continued their brutal attack and brutal beating of Micheal Minick, whom was completely restrained and defenseless against his attackers, and did not intervene against one another to stop said brutal attack and brutal beating and protect Micheal Minick from harm.

43. During this said brutal attack and brutal beating, Micheal Minick was hand cuffed with his hands behind his back and leg irons placed on his ankles bilaterally and the deputy defendants continued their brutal attack and brutal beating of Micheal Minick who was completely and physically restrained by the deputy defendants and restrained by handcuffs with his hands behind his back, and leg irons restraining his legs, ankles and feet, face down on the floor and unable to defend himself against his attackers.

44. At this point, Micheal Minick was not moving, unresponsive, turning blue, not breathing and had no pulse. Deputy defendants continued their attack and taunting and failed and refused to call for medical assistance.

45. Nurse Allison had finished her assessments of her other Three (3) patients, approximately fifteen (15) minutes after she left Micheal Minick' room. Upon her return to the nurse's station to gather her supplies to replace Micheal Minick' IV, she was informed by the unit secretary that something was going on with her patient, Micheal Minick, in his room and his emergency call light had been pulled from the wall.

46. Nurse Allison immediately went to Micheal Minick' room to find the door closed. As she opened the door, she was overwhelmed by the Oleoresin Capsicum spray, however, was able to see and saw her patient, Micheal Minick, face down on the floor, unresponsive, blue in color and all of the deputy defendants standing over him.

47. Nurse Allison immediately demanded to know what was going on and what

11

The deputy defendants were doing to Micheal Minick. She approached her patient, Micheal Minick, and immediately assessed him to discover he was blue in color, not breathing and was without a pulse. She immediately ordered the deputy defendants to immediately remove the restraints from Micheal Minick, to get him up out of the floor and to place him onto the bed.

48. At this point, another Nurse, identified as Todd Ewing, also entered the room and began to assist Nurse Allison with her patient.

49. At this point, the deputy defendants left the room and Nurse Allison and Nurse Todd Ewing called a code blue and began cardiopulmonary resuscitation on Micheal Minick.

50. The code team was called to Micheal Minick's room and arrived shortly Thereafter, to assist in resuscitation efforts which proved to be successful, with a heartbeat, twenty (20) minutes after the cardiopulmonary resuscitation began.

51. Once the code team was able to establish a heartbeat, Micheal Minick was them removed from Room 7104 and placed in the Intensive Care Unit at Nashville General Hospital, where he languished in a comatose state until June 14, 2011, when he was moved from Nashville General Hospital to Sumner Hospice and remained there, languishing in a comatose state, until his death on July 2, 2011.

52. At all times, herein material, defendant, Nashville Metropolitan Police Department, had video cameras installed and were in operation, in the front end of their police vehicles, including the police vehicle of defendant, Neil Wolfe. These cameras are for the purpose of monitoring suspects, police officers and their activities while on any call.

53. At all times, herein material, defendants, Nashville Metro Hospital Authority d/b/a Nashville General Hospital, Nashville General Hospital at Meharry, Davidson County Sheriff Department and Correctional Corporation of America d/b/a CCA , had video cameras installed at Nashville General Hospital, on the Seventh (7th) floor and inside the lock-up unit of the Seventh (7th) floor and were operational at the time of this incident. These cameras are for the purpose of monitoring pre-trial detainees', prisoners and officers and activities inside the lock-up unit at Nashville General Hospital.

12

54.   As the result of this violent and un-provoked attack on Micheal Minick by deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, the deceased, Micheal Minick, was caused to receive and sustained severe life threatening and life ending injuries, including but not limited to, severe bruising about his person, face and head, an anoxic brain injury, thus causing anoxic brain damage, respiratory and cardiac arrest, coma and death.

55.   Despite the deceased, Micheal Minick's, obvious injuries, the deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, failed and refused to protect Micheal Minick from harm, failed and refused to provide humane treatment, failed and refused to intervene and stop the brutal attack and brutal beating of Micheal Minick by the deputy defendants, failed and refused to provide medical attention and failed and refused to get and/or call for medical assistance.

56.   Upon information and belief, Micheal Minick, was not breathing, was without a pulse, was blue in color and was unresponsive.  Micheal Minick exhibited signs of a serious traumatic head injury.  The deputy defendants had the opportunity to observe  Micheal Minick, had the opportunity to stop said brutal attack and brutal beating by the hands of each deputy defendant, had the opportunity to recognize Micheal Minick' life threatening state and failed and refused to summon medical assistance from medical staff at Nashville General Hospital and/or by any other means.

57.   The plaintiffs allege that all deputy defendants intentionally used their authority, force, excessive force and deadly force to subdue and/or restrain, un-necessarily, Micheal Minick, who was not a threat to any person or himself.

58.   Upon information and belief, the plaintiffs allege, at all times herein material, the Metropolitan Government of Nashville/Davidson County, Tennessee, Davidson County Sheriff Department, the Nashville Metropolitan Hospital Authority d/b/a Nashville General Hospital, Nashville General Hospital at Meharry and Correctional Corporation of America d/b/a CCA, had in place a policy, custom, practice and/or procedure to place any and all  pre-trial detainees' and prisoners' that are admitted to a medical facility in Nashville, Tennessee, in a locked-up floor or unit inside the Nashville

13

General Hospital, to be restrained and this type of treatment of pre-trial detainees' and prisoners' of said policies, customs, practices and/or procedures created a substantial risk of harm to said pre-trial detainees' and prisoners', including the deceased, Micheal Minick.

59.   As the result of the constitutional violations and torts set forth herein, Micheal Minick, sustained severe traumatic life threatening and life ending injuries, including but not limited to, severe bruising about his person, face and head, an anoxic brain injury resulting in anoxic brain damage, respiratory arrest, cardiac arrest and coma, all of which resulted in the death of Micheal Minick.

60.   The plaintiffs allege that Micheal Minick has been caused to suffer extreme and excruciating pain and suffering during this brutal and violent, un-provoked attack, extreme and excruciating pain and suffering while Micheal Minick languished in a comatose state and suffered a total loss of his life and the enjoyment and riches of life itself.

61.   As the result of Micheal Minick' injuries and subsequent death, he was required to undergo intensive medical treatment by physicians and specialists and incurred extensive and substantial medical expenses and funeral expenses.

62.   As the result of the constitutional violations and torts set forth herein, the plaintiff, Heather Minick, individually, has incurred extensive and substantial medical expenses, funeral expenses, loss of services, loss of wages, loss of consortium, and loss of companionship, as the result of the injuries to her husband and his subsequent death .

## **FIRST COUNT**

(Deliberate Indifference-Failure to Provide Constitutionally Adequate Medical Care- against Deputy Defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, pursuant to 42 USC §1983)

14

63.  The Plaintiffs allege and incorporates by reference each and every allegation In paragraphs 1-62.

64.  By failing and refusing to provide the deceased, Micheal Minick, with constitutionally adequate medical care and by failing and refusing to summon such care.  The deputy defendants knowingly disregarded an excessive risk to Micheal Minick, his safety and his health and thereby subjected him to excruciating and extensive pain and physical injury, caused by the implementation and use of  authority, force, excessive force and deadly force and by failing and refusing to provide medical care and by failing and refusing to summon such care, of which resulted in Micheal Minick, being in a comatose state and his subsequent death, thereby violating the Eighth Amendment and Fourteenth Amendment to the United States Constitution.

65.  The deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, owed a duty to Micheal Minick, as a citizen and a pre-trial detainee at the Nashville General Hospital, to provide him with appropriate and reasonable medical care, including, but not limited to, the following:

(a)  Proper monitoring of Micheal Minick' health, mental health and physical condition;

(b)  Proper and humane treatment;

(c)  Detecting signs and symptoms of serious health conditions and serious traumatic injury while the deputy defendants were brutally attacking and brutally beating Micheal Minick, and ignored Micheal Minick' verbal complaints that he was in severe pain and unable to breath properly and ignored Micheal Minick' pleas to the deputy defendants to stop beating him and cutting off his air supply and providing intervention of the same;

(d)  Detecting signs and symptoms of serious life threatening conditions and serious traumatic injury during and after the deputy defendants brutally attacked and brutally beat Micheal

15

Minick, which left him face down on the floor and unresponsive and providing timely intervention of the same.

66. Despite the deputy defendants knowledge of the injuries Micheal Minick sustained, they failed and refused to take reasonable steps to provide for Micheal Minick' safety, cease and desist the brutal attack and brutal beating, and to provide medical attention, at variance with constitutional standards as follows:

(a) Failing to take heed of the seriousness of Micheal Minick's injuries when they knew that Micheal Minick sustained a serious and traumatic physical injury and head injury, which was potentially life threatening if the patient is not attended to;

(b) Failing and refusing to summon' medical personnel for Micheal Minick, before and after the brutal attack and brutal beating;

(c) Failing and refusing to cease and desist the brutal attack and brutal beating of Micheal Minick, and intervention of the same and ignoring Micheal Minick' pleas with the deputy defendants to stop beating him and cutting off his air supply;

(d) Failing and refusing to investigate and communicate the severity of Micheal Minick' medical conditions during the time he was held as a pre-trial detainee at Nashville General Hospital.

67. The aforesaid acts and omissions of the deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, were all committed under color of law and under color of their official authority as sheriff deputies, police officers, county officers, employees and/or peace officers.

68. The acts and omissions of the deputy defendants constituted deliberate indifference to the serious and apparent medical needs of Micheal Minick in violation of the Eighth Amendment and Fourteenth Amendment of the Constitution of the United States and, hence, are actionable under 42 USC §1983.

16

## SECOND COUNT

(Deliberate Indifference-Failure to Provide Constitutionally Adequate Medical Care-Municipal and Supervisory Liability-against Defendants, Metropolitan Government of Nashville/Davidson County, Tennessee; Metropolitan Nashville Police Department; Steve Anderson, Chief of Police of Metropolitan Nashville Police Department; Davidson County Sheriff Department; Daron Hall, Sheriff of Davidson County, Tennessee, Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital; Nashville General Hospital at Meharry; Correctional Corporation of America d/b/a CCA, all in their individual and official capacities, pursuant to 42 USC §1983)

69. The Plaintiffs re-allege and incorporates each and every allegation in paragraphs 1-62.

70. These defendants, identified in Count Two and herein after mentioned, owed a duty to Micheal Minick, which included the duty to provide reasonable and adequate medical attention before, during  and following the brutal attack and brutal beating of Micheal Minick, and in addition, these duties include the duty to implement and monitor an adequate hiring and training program for all police officers, sheriff deputies, county officers, security officers, employees and/or peace officers, working for the Davidson County Sheriff Department, Metropolitan Nashville Police Department, Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital, Nashville General Hospital at Meharry and/or Correctional Corporation of America d/b/a CCA, in that they would be capable of making decisions on the use of authority, use of force, use of excessive force and the use of deadly force, in any situation and especially of that in a hospital setting, and decision making to identify the need for adequate medical care.

71. The defendants failed and refused in these above duties to adequately train

17

Sheriff deputies, police officers, county officers, security officers, employees and/or peace officers, and medical staff and historically have had a policy, custom, practice and/or procedure of failing and refusing to implement an adequate training program to properly train personnel.

72. The defendants adopted, ratified and/or implemented the policies, customs, practices and procedures which denied Micheal Minick medical treatment within a reasonable amount of time following his injuries, and again, following the worsening of his condition and did so with deliberate indifference to Micheal Minick' serious medical needs thereby violating Micheal Minick' constitutional rights.

73. The acts and omissions of the Defendants taken pursuant to the *de facto* policies, customs, practices and procedures, adopted, ratified and/or implemented by the defendants, impermissibly condoned and allowed for the denial of humane treatment and proper medical treatment of prisoners and/or pre-trial detainees' such as Micheal Minick, which amounts to deliberate indifference of such detainees' civil rights which are guaranteed by the Constitution of the United States.

74. The aforesaid acts and omissions of the defendants were all committed under color of law and under color of their official authority as a county, city, county commission, sheriff, county officers, city officers, supervisors, employees, security officers and/or peace officers.

75. The acts and omissions of the defendants constituted deliberate indifference to the humane treatment and serious and apparent medical needs of Micheal Minick, in violation of the Eighth Amendment and Fourteenth Amendment of the Constitution of the United States, and hence, are actionable under 42 USC §1983.

76. Despite the defendants knowledge of the said unlawful policies, customs, practices and procedures, as a matter of policies, customs, practices and procedures:

    (a) Failed and refused to take appropriate and necessary steps to discover and determine that said policies, customs, practices and procedure had and would continue to result in injuries and/or death to prisoners' and pre-trial detainees', including Micheal Minick, and those similarly situated;

18

(b) Failed and refused to discipline and properly supervise the individual deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, who denied Micheal Minick humane treatment and appropriate medical care, pursuant to the policies, customs, practices and procedures which resulted in Micheal Minick being brutally attacked and brutally beaten and subsequently killed;

(c) Failed and refused to effectively train and supervise the individual deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, with regard to the proper constitutional and statutory limits of their authority;

(d) Adopted and ratified said policies, customs, practices and procedures which resulted in the inhumane treatment and lack of medical care through deliberate indifference to the effect of said policies, customs, practices and procedures on the constitutional rights of citizens, pre-trial detainees' and/or prisoners', such as Micheal Minick;

(e) Failed and refused to formulate or adopt appropriate policies, customs, practices and procedures to instruct and train employees in the implementation of such policies, customs, practices and procedures to protect a human being and to provide proper medical care to prisoners' and pre-trial detainees', including Micheal Minick, and others similarly situated;

(f) Adopted and ratified policies, customs, practices and procedures which constitute a violation of the United States Constitution and/or played a significant role in the denial of constitutional rights of Micheal Minick.

## **THIRD COUNT**

(Deliberate indifference to Safety-Failure to Protect- against defendants, Metropolitan Government of Nashville/Davidson County, Tennessee; Metropolitan Nashville Police Department; Steve

19

Anderson, Chief of Police of Metropolitan Nashville Police Department; Davidson County Sheriff Department; Daron Hall, Sheriff of Davidson County, Tennessee, Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital; Nashville General Hospital at Meharry; Correctional Corporation of America d/b/a CCA; Defendant Registered Nurses: Cynthia Allison, Ben Baggett and Todd Ewing, all in their individual and official capacities, and police officer Neil Wolfe, in his individual and official capacities, pursuant to 42 USC §1983)

77.   The Plaintiffs re-allege and incorporates by reference each and every allegation in paragraphs 1-62.

78.   The harm ultimately caused to Micheal Minick was foreseeable and direct.

79.   The deputy defendants acted in willful disregard for the safety of Micheal Minick, with a degree of culpability that shocks the conscience.

80.   There was a special relationship between Micheal Minick and the deputy defendant's in that Micheal Minick was a pre-trial detainee in the deputy defendants care and custody and in need of their protection at all times herein material.

81.   The deputy defendants used their authority affirmatively to create the opportunity for harm that otherwise would not have existed by unilaterally placing themselves in Micheal Minick' assigned room when he was already restrained and posing no threat to himself or others.

82.   The deputy defendants actions manifested a disregard of a high and excessive degree of danger, known to them or clearly apparent to a reasonable person in their position.

83.   The actions of the deputy defendants were outrageous and willful or in such a reckless manner as to rise to the level of outrageousness or willfulness.

84.   As the result of the deputy defendants wrongful acts and conduct, Micheal Minick suffered severe traumatic injury, damages and death.

85.   By affirmatively creating the conditions which directly resulted in injuries

20

to and death of Micheal Minick, all defendants, under color of state law and with deliberate indifference, failed and refused to protect Micheal Minick, in violation of the Eighth Amendment and Fourteenth Amendment to the United States Constitution and, hence, is actionable under 42 USC §1983.

## **FOURTH COUNT**

(Deliberate indifference to Cruel and Unusual Punishment and Humane Treatment-against the deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, in their individual and official capacities, defendants, Metropolitan Government of Nashville/Davidson County, Tennessee; Metropolitan Nashville Police Department; Steve Anderson, Chief of Police of Metropolitan Nashville Police Department; Davidson County Sheriff Department; Daron Hall, Sheriff of Davidson County, Tennessee, Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital; Nashville General Hospital at Meharry; Correctional Corporation of America d/b/a CCA, in their individual and official capacities, and police officer Neil Wolfe, in his individual and official capacities, pursuant to 42 USC §1983)

86. The plaintiffs re-allege and incorporates by reference each and every allegation in paragraphs 1-62.

87. The harm ultimately caused to Micheal Minick was foreseeable and direct.

88. The deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven and police officer defendant, Neil Wolfe, all acted in willful disregard for the safety of Micheal Minick, with a degree of culpability that shocks the conscience.

89. There was a special relationship between Micheal Minick and all defendants in that Micheal Minick was a citizen and pre-trial detainee in the care and custody of all defendants and in need of their protection at all times herein material.

90. The defendants used their authority affirmatively to create the opportunity

21

for harm to Micheal Minick that otherwise would not have existed.

91. The defendants manifested a disregard of a high and excessive degree of danger, known to them or clearly apparent to a reasonable person in their position.

92. The actions of each defendant were outrageous and willful or in such a reckless manner to rise to the level of outrageousness and willfulness.

93. The defendants used their authority to subject Micheal Minick to cruel and unusual punishment and inhumane treatment of the same, and the defendants used their authority to create and manifest an environment to implement cruel and unusual punishment and inhumane treatment to citizens, prisoners' and pre-trial detainees', including Micheal Minick, including but not limited to:

(a) The use of an electrical device to inflict pain and paralysis to restrain and subdue a person, prisoner and/or a pre-trial detainee, such as Micheal Minick, to submit them to capture and/or imprisonment;

(b) The authorization and use of force, excessive force and deadly force;

(c) Adopted and ratified policies, customs, practices and procedures which resulted in inhumane treatment, cruel and unusual punishment to a human being, citizen, prisoner and/or pre-trial detainee, including Micheal Minick, through deliberate indifference to the effect of said policies, customs, practices and procedures on the constitutional rights of citizens, such as Micheal Minick; and

(d) Adopted and ratified said policies, customs, practices and procedures which constitute a violation of the United States Constitution and/or played a significant role in the denial of constitutional rights of Micheal Minick.

(e) Adopted and ratified said policies, customs, practices and procedures which resulted in the inhumane and cruel and unusual punishment as a result the refusal and denial of appropriate and timely medical care.

22

# FIFTH COUNT

(Deliberate Indifference – Safety, Failure to Protect,  Medical Battery, Failure to Provide Constitutionally Adequate Medical Care and Failure to Protect -  against Defendant Mailena Mason and Defendant Registered Nurses: Cynthia Allison, Ben Baggett and Todd Ewing, pursuant to 42 USC §1983)

94.  The Plaintiffs re-allege and incorporates each and every allegation in paragraphs 1-62.

95.  These defendants, identified in Count Five and herein after mentioned, owed a duty to Micheal Minick, which included the duty to provide reasonable and adequate medical attention before, during  and following the brutal attack and brutal beating of Micheal Minick, and in addition, these duties include the duty to implement and monitor an adequate hiring and training program for all employees and medical staff,  working for the Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital and Nashville General Hospital at Meharry, in that they would be capable of making decisions on the use of authority, use of force, use of excessive force and the use of deadly force by police officers, deputy officers and employees, in any situation and especially of that in a hospital setting, and decision making to identify the need for protection, safety and adequate medical care.

96.   The defendants failed and refused in these above duties to identify and/or recognize the obvious danger and imminent threat of injury and/or death to Micheal Minick by the deputy defendants, Christopher Foster, Matthew Bradshaw, Jeffrey Davidson and Morris Craven.

97.  The defendants failed and refused to replace medically necessary intravenous therapy to Micheal Minick with knowledge of his deteriorating medical condition which required immediate medical attention and intervention, and left Micheal Minick unattended.

98.  The defendants adopted, ratified and/or implemented the policies, customs,

23

practices and procedures which denied Micheal Minick medical treatment within a reasonable amount of time following the removal of his intravenous therapy and again following the worsening of his condition and failed and refused to inform Micheal Minick of the danger of not having his medically necessary intravenous therapy immediately replaced and did so with deliberate indifference to Micheal Minick' serious medical needs thereby violating Micheal Minick's constitutional rights.

99.   The acts and omissions of the defendants taken pursuant to the de facto policies, customs, practices and procedures, adopted, ratified and/or implemented by the defendants, impermissibly condoned and allowed for the denial of humane treatment and proper medical treatment of prisoners and/or pre-trial detainees' such as Micheal Minick, which amounts to deliberate indifference of such detainees' civil rights which are guaranteed by the Constitution of the United States.

100.     The aforesaid acts and omissions of the defendants were all committed under color of their official authority as licensed Registered Nurse's,  county, city, county commission, supervisors and employees.

101.     The acts and omissions of the defendants constituted deliberate Indifference to the humane treatment and serious and apparent medical needs of Micheal Minick, in violation of the Eighth Amendment and Fourteenth Amendment of the Constitution of the United States, and hence, are actionable under 42 USC §1983.

102.     Despite the defendants knowledge of the said unlawful policies, customs, practices and procedures, as a matter of policies, customs, practices and procedures:

> (a) Failed and refused to take appropriate and necessary steps to discover and determine that said policies, customs, practices and procedure had and would continue to result in injuries and/or death to prisoners' and pre-trial detainees', including Micheal Minick, and those similarly situated;

> (b) Failed and refused to discipline and properly supervise all said

24

defendants, all of whom denied Micheal Minick humane treatment and appropriate medical care, pursuant to the policies, customs, practices and procedures which resulted in Micheal Minick being brutally attacked and brutally beaten and subsequently killed;

(c) Failed and refused to effectively train and supervise all defendants, with regard to the proper constitutional and statutory limits of their authority;

(d) Adopted and ratified said policies, customs, practices and procedures which resulted in the inhumane treatment and lack of medical care through deliberate indifference to the effect of said policies, customs, practices and procedures on the constitutional rights of citizens, pre-trial detainees' and/or prisoners', such as Micheal Minick;

(e) Failed and refused to formulate or adopt appropriate policies, customs, practices and procedures to instruct and train employees in the implementation of such policies, customs, practices and procedures to protect a human being and to provide proper medical care to prisoners' and pre-trial detainees', including Micheal Minick, and others similarly situated;

(f) Adopted and ratified policies, customs, practices and procedures which constitute a violation of the United States Constitution and/or played a significant role in the denial of constitutional rights of Micheal Minick;

(g) Failed and refused to protect Micheal Minick from harassment, terror, torture, harm, injury and death;

(h) Failed and refused to identify the imminent threat of harm, injury and death of Micheal Minick by deputy defendants;

(i) Failed and refused to investigate and observe allegations made by deputy defendants.

25

**PRAYER FOR RELIEF**

Wherefore, plaintiffs, Heather Minick, Individually and as surviving spouse of Micheal Minick, Deceased, and Doris Hawkins-Tweed, Individually and as parent of Micheal Minick, Deceased, and Heather Minick and Doris Hawkins-Tweed as Co-Administrators of the Estate of Micheal Minick, by and through counsel, pray for relief as follows:

1. For a twelve person jury to be empaneled to try this cause; and

2. For compensatory damages according to the proof in this cause; and

3. For punitive damages; and

4. For reasonable attorney fees, costs, including discretionary costs, in this cause; and

5. For such other relief as the Court deems just and proper.

**Ad Damnum**

This matter is within the jurisdiction of this Court. The Plaintiffs demand money damages in excess of $15,000.00 excluding attorney fees, interest, costs and discretionary costs.

This the 23rd day of May, 2012.

s/ Danny M. Hryhorchuk

_____
DANNY M. HRYHORCHUK (BPR #008690)
Attorney for Plaintiffs
PO Box 1956
Morristown, TN  37816
(423) 586-3474

26

**CERTIFICATE OF SERVICE**


I, Danny M. Hryhorchuk, attorney for the plaintiffs, hereby certify that a true and exact copy of the foregoing Complaint has been furnished to all defendants, Metropolitan Government of Nashville/Davidson County, Tennessee; Metropolitan Nashville Police Department; Steve Anderson, Chief of Police; Davidson County Sheriff Department; Daron Hall, Sheriff of Davidson County; Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital; Nashville General Hospital at Meharry; Correctional Corporation of America d/b/a CCA, Mailena Mason, Registered Nurses: Cynthia Allison, Ben Baggett and Todd Ewing, Police Officer: Neil Wolfe; and; Deputies: Christopher Foster, Matthew Barshaw, Jeffrey Davidson and Morris Craven, through process of service.


This the 23rd day of May, 2012.


s/ Danny M. Hryhorchuk

_____
**DANNY M. HRYHORCHUK (BPR #008690)**
**Attorney for Plaintiffs**
**PO Box 1956**
**Morristown, TN  37816**
**(423) 586-3474**
**dmhlawoffice@yahoo.com**

27