**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **HEATHER MINICK, individually, and as surviving spouse of MICHAEL MINICK, deceased; HEATHER MINICK and DORIS HAWKINS-TWEED, as Co-Administrators of the Estate of Michael Minick,** ) ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | **Case No. 3:12-cv-524** |
| **v.** ) ) ) | **JUDGE TRAUGER** |
| **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, <u>et al.,</u>** ) ) ) ) | |
| **Defendants.** ) | |

<u>**ANSWER OF DEFENDANTS JEFFREY DAVIDSON AND MORRIS CRAVEN**</u>

Defendants Jeffrey Davidson ("Deputy Davidson") and Morris Craven ("Deputy Craven")(collectively referred to as "these Defendants") answer the complaint (R. 1) as follows:

<u>**INTRODUCTION AND JURISDICTION**</u>

1. Deputy Davidson and Deputy Craven admit that this case was filed pursuant to 42 U.S.C. §§ 1983 and 1988, and that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. They deny that Plaintiffs have a cause of action based on the Eighth Amendment, or on any other theory of recovery. The remaining allegations contained in ¶ 1 of the complaint do not require a response from these Defendants.

2. Deputy Davidson and Deputy Craven admit that Michael Minick ("Minick") was a pre-trial detainee being held on the Seventh Floor of Nashville General Hospital. They are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 2 of the complaint.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

## **PARTIES**

7. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the complaint.

8. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the complaint.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the complaint.

15. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the complaint.

16. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the complaint.

17. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the complaint.

18. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the complaint.

19. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the complaint.

20. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the complaint.

21. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the complaint.

22. Deputy Davidson and Deputy Craven admit that they, along with Deputies Foster and Barshaw, were at all relevant times employed by the Davidson County Sheriff's Office (DCSO), and that they were acting under color of law. They deny that they were employed by any entity other than the DCSO.

## FACTS

23. Deputy Davidson and Deputy Craven admit that they acted in the course and scope of their employment.

24. Deputy Davidson and Deputy Craven admit that they acted under color of law.

25. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 25 of the complaint.

26. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the complaint.

27. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the complaint.

28. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the complaint.

29. Deputy Davidson and Deputy Craven admit that Minick was held as a pre-trial detainee on the Seventh Floor of Nashville General Hospital.  They are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 29 of the complaint.

30. Deputy Davidson and Deputy Craven admit that Minick was placed in Room 7104 on the lock-up floor.  They are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 30 of the complaint.

31. Admitted, except that these Defendants are uncertain as to the exact time Deputy Foster reported to his post.

32. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the complaint.

33. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 33 of the complaint.

34. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 34 of the complaint.

35. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 35 of the complaint.

36. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 36 of the complaint.

37. Admitted, except that these Defendants do not recall Deputy Foster telling them that Minick was "swearing and combative."

38. Admitted.

39. Denied.

40. Deputy Davidson and Deputy Craven deny that they "charged" Minick. They deny that they broke Minick's leg irons. They deny that they engaged in "an unprovoked brutal attack and brutal beating." They admit that they deployed pepper spray. They admit that they took Minick to the floor in an effort to control him. They admit that, following an intense struggle, they placed handcuffs on his wrists. They admit that, following a further struggle, they got his ankles shackled. They admit that, prior to getting handcuffs on Minick, they struck him in the face to stop him from trying to bite them. They deny striking Minick with a baton while they were trying to get him handcuffed. They deny striking him in the head with a baton at any time. They admit that Deputy Craven tried unsuccessfully to manipulate a pressure point underneath Minick's left ear in order to get him to comply with commands to stop resisting.

41. Deputy Davidson and Deputy Craven deny that Minick "pleaded and begged [the deputies] to stop beating him as he was unable to breathe and was in severe and agonizing pain."

42. Deputy Davidson and Deputy Craven deny that they cut off Minick's air supply. They further deny that they "beat" Minick while the latter was "completely restrained and defenseless." These Defendants deny that there was any need for the deputies to "intervene against one another," and they deny that they had an opportunity to intervene even had intervention been called for.

43. Deputy Davidson and Deputy Craven deny that they "beat" Minick while the latter was "completely and physically restrained."

44. Denied.

45. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 45 of the complaint.

46. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 46 of the complaint, except they admit that Nurse Allison came into the room at some point.

47. Deputy Davidson and Deputy Craven admit Minick's restraints were removed. They admit that a nurse asked what was going on and told them to get Minick up onto the bed. They are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 47 of the complaint.

48. Deputy Davidson and Deputy Craven admit that Nurse Ewing came into the room and began to render medical assistance to Minick.

49. Deputy Davidson and Deputy Craven admit that the four deputies left the room at some point, but not all at the same time. They admit that a code blue had been called.

50. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 50 of the complaint.

51. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 51 of the complaint, except they admit that Minick was in a coma for several weeks before he died.

52. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 52 of the complaint.

53. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 53 of the complaint, except they admit that there were cameras in the main hallway of the lock-up unit.

54. Deputy Davidson and Deputy Craven admit that Minick sustained certain injuries and that he later died. They deny that they attacked Minick without provocation, and they further deny that any act or omission by them was the proximate cause of Minick's death.

55. Denied.

56. Denied.

57. Deputy Davidson and Deputy Craven admit that they intentionally acted to control and subdue Minick, who was out of control. They deny that their actions were unnecessary.

58. Denied.

59. Deputy Davidson and Deputy Craven admit that Minick sustained certain injuries and that he later died. They deny that any act or omission by them was the proximate cause of Minick's death.

60. Deputy Davidson and Deputy Craven admit that Minick sustained certain injuries and that he later died. They deny that any act or omission by them was the proximate cause of Minick's death.

61. Deputy Davidson and Deputy Craven are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 61 of the complaint.

62. Denied.

## FIRST COUNT

**"(Deliberate Indifference—Failure to provide Constitutionally Adequate Medical Care—against Deputy Defendants, Christopher Foster, Matthew Barshaw, Jeffrey Davidson, and Morris Craven, pursuant to 42 USC § 1983)"**

63. No response required from Deputy Davidson and Deputy Craven.

64. Deputy Davidson and Deputy Craven deny that they violated any constitutional right to which Minick was entitled.  They deny that they unlawfully refused to provide adequate medical care or to summon such care.   They admit that Minick ended up in a coma, and that he eventually died several weeks later.

65. Deputy Davidson and Deputy Craven admit that they owed a general duty to Minick to ensure that he had "appropriate and reasonable medical care," but they deny that they breached this duty, especially since medical personnel responded to the scene almost immediately.

66. Deputy Davidson and Deputy Craven deny that they failed to provide for Minick's safety.  They deny that they were guilty of a "brutal attack" on Minick.  They deny that they failed to provide or call for medical attention to Minick, and they deny that any acts or omissions by them were "at variance with constitutional standards."  They admit that they had a general duty to "investigate and communicate the severity of [Minick's] medical conditions during the time he was held as a pre-trial detainee at Nashville General Hospital," but they deny that they breached this duty.

67. Deputy Davidson and Deputy Craven admit that they acted under color of law.

68. Deputy Davidson and Deputy Craven deny that any acts or omissions by them amounted to deliberate indifference to Minick's medical needs in violation of the Constitution.

## SECOND COUNT

**"(Deliberate Indifference—Failure to Provide Constitutionally Adequate Medical Care—Municipal and Supervisory Liability—against Defendants, Metropolitan Government of Nashville/Davidson County, Tennessee; Metropolitan Nashville Police Department; Steve Anderson, Chief of Police of Metropolitan Nashville Police Department; Davidson County Sheriff Department; Daron Hall, Sheriff of Davidson County, Tennessee; Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital; Nashville General Hospital at Meharry; Correctional Corporation of America d/b/a/ CCA, all in their individual and official capacities, pursuant to 42 USC § 1983)"**

69. No response required from Deputy Davidson and Deputy Craven because this count is directed against municipal, supervisory, and corporate defendants only.

70. No response required from Deputy Davidson and Deputy Craven.

71. No response required from Deputy Davidson and Deputy Craven.

72. No response required from Deputy Davidson and Deputy Craven.

73. No response required from Deputy Davidson and Deputy Craven.

74. No response required from Deputy Davidson and Deputy Craven.

75. No response required from Deputy Davidson and Deputy Craven.

76. No response required from Deputy Davidson and Deputy Craven.

## THIRD COUNT

**"(Deliberate indifference to Safety—Failure to Protect—against defendants, Metropolitan Government of Nashville/Davidson County, Tennessee; Metropolitan Nashville Police Department; Steve Anderson, Chief of Police of Metropolitan Nashville Police Department; Davidson County Sheriff Department; Daron Hall, Sheriff of**

**Davidson County, Tennessee; Metropolitan Nashville Hospital Authority d/b/a**

**Nashville General Hospital; Nashville General Hospital at Meharry; Correctional**

**Corporation of America d/b/a/ CCA; Defendant Registered Nurses: Cynthia Allison;**

**Ben Baggett and Todd Ewing, all in their individual and official capacities; and police**

**officer Neil Wolfe, in his individual and official capacities, pursuant to 42 USC § 1983)"**

77. No response required from Deputy Davidson and Deputy Craven because this count is directed against municipal, supervisory, corporate, medical, or police defendants only.

78. Denied.

79. Denied.

80. Deputy Davidson and Deputy Craven admit that Minick was a pre-trial detainee who was in the custody of the Davidson County Sheriff's Office.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Deputy Davidson and Deputy Craven deny that they created "the conditions which directly resulted in injuries to and death of [Minick]." They admit they acted under color of law. They deny that they acted "with deliberate indifference." They deny that they "failed and refused to protect [Minick]." They deny they violated Minick's rights under the Eighth Amendment or the Fourteenth Amendment.

## **FOURTH COUNT**

**"(Deliberate indifference to Cruel and Unusual Punishment and Humane Treatment—**

**against the deputy defendants, Christopher Foster, Matthew Barshaw, Jeffrey**

**Davidson, and Morris Craven, in their individual and official capacities, defendants, Metropolitan Government of Nashville/Davidson County, Tennessee; Metropolitan Nashville Police Department; Steve Anderson, Chief of Police of Metropolitan Nashville Police Department; Davidson County Sheriff Department; Daron Hall, Sheriff of Davidson County, Tennessee; Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital; Nashville General Hospital at Meharry; Correctional Corporation of America d/b/a/ CCA; Defendant Registered Nurses: Cynthia Allison; Ben Baggett and Todd Ewing, all in their individual and official capacities; and police officer Neil Wolfe, in his individual and official capacities, pursuant to 42 USC § 1983)"**

86. No response required from these Defendants.

87. Denied.

88. Denied.

89. Deputy Davidson and Deputy Craven admit that Minick was a pre-trial detainee who was in the custody of the Davidson County Sheriff's Office.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

**<u>FIFTH COUNT</u>**

**"(Deliberate Indifference—Safety, Failure to Protect, Medical Battery, Failure to Provide Constitutionally Adequate Medical Care and Failure to Protect—against Defendant Mailena Mason and Defendant Registered Nurses: Cynthia Allison, Ben Baggett and Todd Ewing, pursuant to 42 USC § 1983)"**

94. No response required from these Defendants.  This count is directed against hospital personnel only.

95. No response required from these Defendants.

96. No response required from these Defendants.

97. No response required from these Defendants.

98. No response required from these Defendants.

99. No response required from these Defendants.

100. No response required from these Defendants.

101. No response required from these Defendants.

102. No response required from these Defendants.

### **Affirmative Defenses**

1. The complaint fails to state a claim upon which relief can be granted against these Defendants.

2. These Defendants did not violate the Eighth Amendment, or the Fourteenth Amendment, or any constitutional right or other federal right to which Minick was entitled.

3. These Defendants are entitled to qualified immunity.

4. The acts or omissions of these Defendants do not shock the conscience and they were objectively reasonable under the circumstances.

5. The complaint fails to state a claim for punitive damages.

6. Minick's own drug abuse and other misconduct were the proximate cause of his death.

7. These Defendants acted in good faith, without malice, in accordance with their training, and within the scope of their employment in trying to subdue Minick, who was violently resisting them.

8. The complaint fails to state a claim against these Defendants in their "official capacities," in that such a claim is equivalent to a claim against Defendant Metropolitan Government.

9. Minick had no constitutional right to consume mind-altering drugs, to behave in a manner that posed a danger to himself and others, and to resist these Defendants and others who were trying to contain and subdue him.

10. Any injury sustained by Minick was accidental, resulting from the reasonable efforts of these Defendants to control him. Accidental injuries do not support a cause of action brought pursuant to 42 U.S.C. § 1983.

**AND NOW HAVING ANSWERED,** these Defendant pray that the complaint against them be dismissed with costs taxed to Plaintiffs; that they be awarded their expenses and attorney fees pursuant to 42 U.S.C. § 1988; and that a jury be empaneled to try this case.

/s/ John M. L. Brown
**JOHN M. L. BROWN (# 5438)**
For Defendants Davidson and Craven
222 Second Avenue North, Suite 312
Nashville, Tennessee 37201
615-242-3348
johnmlbrown@aol.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have forwarded a copy of this document via the Court's electronic filing system to the following persons on the 21st day of June, 2012:

Mr. Danny M. Hryhorchuk, Attorney     Mr. Joe Napiltonia, Attorney
P.O. Box 1956     219 Third Avenue North
Morristown, Tennessee 37816     Franklin, Tennessee 37064

Ms. Keli J. Oliver, Attorney
Ms. Allison Bussell, Attorney
Metropolitan Legal Department
P.O. Box 1196300
Nashville, Tennessee 37219

/s/ John M. L. Brown
**JOHN M. L. BROWN**
