# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HEATHER MINICK, individually and as surviving spouse of MICHAEL MINICK, and as co-administrator of the Estate of Michael Minick, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE; CHRISTOPHER FOSTER, individually and in his official capacity; MATTHEW BARSHAW, individually and his official capacity; JEFFREY DAVIDSON, individually and his official capacity; MORRIS CRAVEN, individually and in his official capacity, <br><br> Defendants. | Case No. 3:12-cv-0524 <br> Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Defendant Metropolitan Government Nashville and Davidson County, Tennessee ("Metro Nashville") has filed a Revised Motion for Summary Judgment (Docket No. 204), to which the plaintiff has filed a Response in opposition (Docket No. 207), and Metro Nashville has filed a Reply (Docket No. 209).

This case concerns an incident that occurred on May 30, 2011 at Nashville General Hospital, where Michael Minick was being treated and was in the custody of the Davidson County Sheriff's Office ("DCSO") following his arrest. The plaintiff, Heather Minick, who is Mr. Minick's surviving spouse, alleges that four individual DCSO employees (Christopher Foster, Matthew Barshaw, Jeffrey Davidson, and Morris Craven) used excessive force on Mr.

1

Minick while he was in custody, causing his death. The plaintiff asserts claims against the individual DCSO officers under 42 U.S.C. § 1983 and against Metro Nashville under Tenn. Code Ann. § 8-8-302, commonly referred to as the "Sheriff's Statute."[1]

Metro Nashville contends that it is entitled to summary judgment because § 1983 preempts the plaintiff's Sheriff's Statute claim. Metro Nashville alternatively argues that, if the court holds that § 1983 does not preclude the Sheriff's Statute claim, the court should dismiss the claim without prejudice to permit a Tennessee state court to decide the novel issue of the limits of liability under the Sheriff's Statute.

Federal Rule of Civil Procedure 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Metro Nashville's Rule 56 motion presents pure issues of law, and the parties do not dispute the facts relevant to the motion.

Under the Sheriff's Statute: "Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office." As narrowed by the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-205, the Sheriff's Statute imposes vicarious liability on a county for the intentional acts of its deputies. *See Jenkins v. Loudon Cnty.*, 736 S.W.2d 603 (Tenn. 1987); *Grundy Cnty. v. Dyer*, 546 S.W.2d 577 (Tenn.

---

[1] In previous rulings, the court dismissed the plaintiff's § 1983 supervisory liability claim against Metro Nashville (Docket No. 157) and denied the plaintiff's request for leave to reassert that claim after the Rule 15 deadline had passed (Docket No. 176).

1977). The scope of that liability is limited to an amount "not in excess of the amount of the surety bond executed for that county's sheriff pursuant to § 8-8-103." Tenn. Code Ann. § 8-8-303.[2]

Under federal law, "[a] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Here, there are no underlying state law claims against Metro Nashville other than the Sheriff's Statute claim, whereby the plaintiff seeks to hold Metro Nashville vicariously liable for the actions of the four individual DSCO officers. The parties dispute whether § 1983 preempts the Sheriff's Statute claim in this context.

In an unpublished Sixth Circuit decision, the court held that § 1983 does not permit a Sheriff's Statute claim in the context presented here. *See Siler v. Weber*, 443 F. App'x 50, 53-54 (6th Cir. 2011); *see also Henderson v. Reyda*, 2005 WL 1397030, at *7 (E.D. Tenn. June 13, 2005), *aff'd* 192 F. App'x 392 (6th Cir. 2006). The Sixth Circuit's discussion in *Siler* is definitive:

> Notwithstanding *Monell*'s clear prohibition against vicarious liability, Plaintiffs contend that Tennessee law overrides it. They point to Tenn. Code Ann. § 8-8-302, which creates a state-law cause of action against a county for "any . . . injury . . . resulting from any act or failure to act on the part of [a] deputy." And, noting that 42 U.S.C. § 1988 requires courts to apply state law in federal civil-rights actions, they argue that we must apply Tennessee's vicarious liability statute here.
>
> Yet plaintiffs tell only half of § 1988's story; it applies state law to federal actions to the extent that doing so "is not inconsistent with the . . . law of the United States." 42 U.S.C. § 1988. On one side, *Monell* and its progeny hold that § 1983

---

[2] Metro Nashville previously argued that the four individual DSCO officer defendants were not "deputies appointed by the sheriff" within the meaning of the Sheriff's Statute. Metro Nashville later withdrew that argument. (*See* Docket Nos. 202 and 203.)

> prohibits vicarious municipal liability; on the other side, Tenn. Code Ann. § 8-8-302 allows it. Tennessee law thus conflicts with § 1983 and may not be used to maintain a federal action in this instance.

443 F. App'x at 53-54. Applying analogous "sheriff's statutes" from other jurisdictions, other circuits have reached the same conclusion. *See Henley v. Edlemon*, 297 F.3d 427, 430 n.6 (5th Cir. 2002) (finding that, where Mississippi statute made sheriff vicariously liable for actions of deputies, § 1983 and *Monell* precluded the plaintiff's vicarious liability claim against the sheriff); *Palmer v. Sanderson*, 9 F.3d 1433, 1438) (9th Cir. 1993) (finding that a Washington state statute imposing vicarious liability on a sheriff for the conduct of his or her deputies was inconsistent with § 1983 as interpreted by the Supreme Court in *Monell*).

The plaintiff has not addressed *Siler* or the other cases referenced by Metro Nashville, nor has the plaintiff provided any federal authority for the proposition that § 1983 does *not* preempt the Sheriff's Statute claim here. Although *Siler* is non-binding because it is unpublished, the court finds no reason to depart from its well-reasoned holding here. The court therefore will grant summary judgment to Metro Nashville on the lone claim asserted against it.

The parties have also raised two interesting questions concerning the liability cap applicable to a Sheriff's Statute claim: (1) whether the bond is recoverable as to each deputy (*i.e.*, a total recovery reflecting a multiple of the bond amount) or only as to a single incident (*i.e.*, a total recovery reflecting the bond amount regardless of the number of deputies); and (2) whether the bond cap should be set at the value of the surety bond on the date the lawsuit was filed (here, $50,000) or the current bond amount (here, $100,000). Because the Sheriff's Statute claim will be dismissed, the court need not address these issues or the associated request by Metro Nashville to refer these issues to state court.

4

For the reasons stated herein, Metro Nashville's Motion for Summary Judgment (Docket No. 204) is hereby **GRANTED**. The Clerk shall terminate Metro Nashville as a defendant in this case. The § 1983 claims against the four individual DSCO officers will proceed to trial.

It is so **ORDERED**.

Enter this 23rd day of July 2015.

_____
ALETA A. TRAUGER
United States District Judge